# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| DOMINIC NICHOLAS APPLEGATE | ) | |
| (Chapter 7 Case Number 11-40073) | ) | Number 11-4021 |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | **FILED** |
| | ) | Samuel L. Kay, Clerk |
| DR. RANDOLPH C. BISHOP, | ) | United States Bankruptcy Court |
| DRB ACQUISITIONS, LLC, | ) | Savannah, Georgia |
| DR. CLIFF L. CANNON, JR., | ) | By lbarnard at 11:45 am, Jan 31, 2012 |
| STEPHEN CANNON, | ) | |
| SCC ACQUISITIONS, LLC, | ) | |
| JOSEPH E. VALLOTTON, III, | ) | |
| ALLEN EAGER, | ) | |
| ALVA HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DOMINIC NICHOLAS APPLEGATE | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM AND ORDER ON CONSENT MOTION TO STAY AND ORDER ON ABSTENTION

Debtor filed Chapter 7 bankruptcy on January 12, 2011. Plaintiffs, Dr. Randolph C. Bishop, DRB Acquisitions, LLC, Dr. Cliff L. Cannon, Jr., Stephen Cannon, SCC Acquisitions, LLC, Joseph E. Vallotton III, Allen Eager, and ALVA Holdings, LLC

AO 72A
(Rev. 8/82)

filed this Adversary Proceeding, captioned as an "Objection," which ordinarily connotes an action under 11 U.S.C. § 727, but expressly relying on 11 U.S.C. § 523; the pleadings raise allegations of both sections so this Order will treat the filing as both an Objection to Discharge under 727 and a Complaint to Determine Dischargeability of Debt under 523. In 2006, Plaintiffs and ABL Lofts LLC, whose members were Debtor, Baker Leavitt, and Read Brennan, formed 300 West Broughton, LLC to acquire, develop, and sell as condominiums property located at 310-322 West Broughton Street, Savannah, Georgia. Plaintiffs each contributed varying amounts of cash in exchange for a proportional ownership interest in 300 West Broughton ($100,000.00 = 2.5%). ABL Lofts held a 62.5% ownership interest in exchange for its members "sweat equity": Debtor's construction management expertise, and the active participation and skills of Leavitt, a licensed real estate agent, and Brennan. Debtor and Leavitt were the managers of 300 West Broughton. Applegate Brennan Construction, Inc., of which Debtor was a principal and the director, was the general contracting company for 300 West Broughton's development project.

Prior to Debtor's bankruptcy filing, Plaintiffs sued Debtor, Leavitt, ABL Lofts, LLC, Applegate Brennan Construction, Inc., Applegate Industries, Inc., Darby Bank & Trust Company, and Brad Hunnings in the Superior Court of Chatham County. Bishop v. Applegate, No. SPCV0902480 (Brannen, J.)(Chatham Cnty.). The state court case was briefly removed to the District Court for the Southern District of Georgia, by the Federal Deposit Insurance Corporation, before being remanded to State Court, September, 2011.

Judgment, Dist. Ct. Dckt. No. 56 (Sept. 27, 2011). The allegations of the state court case are almost identical to the facts set forth in the Objection now before the Court.

In this Adversary Proceeding, Plaintiffs assert that Debtor converted and misappropriated funds from the 300 West Broughton account, breached his fiduciary duty to 300 West Broughton and its members (Plaintiffs) by forging an alternative operating agreement, among other acts, failed to maintain and provide upon request records and documents for the business conducted by 300 West Broughton, committed theft by conversion, taking, and deception as defined by Georgia law, violated the Georgia RICO Act, and used false representations and omissions to commit fraud. Plaintiffs seek damages to be determined at trial, treble damages on the Georgia RICO claim, punitive damages, disgorgement of funds, interest, attorneys' fees, and to except these claims from discharge.

On October 3, 2011, the parties filed a Consent Motion to Stay this Adversary Proceeding (A.P.Dckt. No. 27) until the United States Trustee has prosecuted an Adversary Proceeding against Debtor, which seeks to Deny his Discharge under 11 U.S.C. § 727. This Stay would negate the necessity of trying the section 727 action multiple times, but would preserve Plaintiffs' right to pursue the section 523 action if the United States Trustee is unsuccessful.

Because the parties have consented, the Court will order that this Adversary

3

AO 72A
(Rev. 8/82)

Proceeding, Bishop v. Applegate, A.P. No. 11-4021, be stayed on the terms set forth herein. This ruling is intended to promote judicial economy and to prevent a potential waste of judicial time and resources, as well as the time and resources of the parties and their counsel. To the extent this Adversary Proceeding is stayed, it is without prejudice to either party, beginning from the date of this Order, and continuing during the pendency of the United States Trustee's Adversary Proceeding, Walton v. Applegate, A.P. No. 11-4033.

It is well established that a court may decide *sua sponte* to address the issue of abstention. Old Augusta Dev. Grp., Inc. v. Effingham Cnty. (In re Old Augusta Dev. Grp., Inc.), 2011 WL 2632147, 3 (Bankr. S.D. Ga.) (Davis, J.). Anytime there is a state court proceeding pending, consideration of abstention is appropriate. Title 28 U.S.C. § 1334(c), which applies to bankruptcy courts by reference from the District Court according to 28 U.S.C. § 157,[1] states that "[n]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."

Considering the fourteen factors enumerated in Old Augusta and recently applied by this Court in the related Adversary Proceeding, Soleo v. Applegate, A.P. No. 11-

---

[1] In 1984, Judge Alaimo, Chief Judge of the Southern District of Georgia, issued an order referring "all cases under Title 11 U.S.C. and proceedings arising under Title 11 U.S.C. or related to a case under Title 11 U.S.C." to the Bankruptcy Court of the Southern District of Georgia in accordance with 28 U.S.C. § 157(a). *Order*, July 13, 1984 (Alaimo, CJ).

4

4018, Memorandum and Order, A.P. Dckt. No. 23 (Dec. 14, 2011), permissive abstention is appropriate in this case for the reasons discussed below.

There will be no effect on the efficient administration of the bankruptcy estate. This is a Chapter 7 case so no reorganization efforts are being delayed, and the state court can determine whether liability exists prior to the bankruptcy court being called upon to rule on dischargeability.

Plaintiffs filed this Adversary Proceeding to object to Debtor's discharge and to determine the dischargeability of their claim, but the underlying issues as to liability and to the amount of their claim are unresolved and are predominately, if not exclusively, matters of state law. There is a pending state court action in which liability of the state law claims can be determined. While the determination of dischargeability is a core proceeding according to 28 U.S.C. § 157(b)(2)(I)&(J), none of the underlying claims arise under federal law. This Court has concurrent jurisdiction to adjudicate claims under 28 U.S.C. § 157(b)(2)(B); however, it is not required to hear these claims when the factors weigh in favor of permissive abstention, as here.

The issue of liability is purely a matter of state law and deference to the state court system in matters governed by state law is appropriate when there is no adverse effect on the bankruptcy case. Abstention will not prejudice any party in this case and there are

5

non-debtor parties who are defendants in the state court action, making it impossible to separately resolve the issue of Debtor's liability without their presence before a court of competent jurisdiction. Here, that court is the Superior Court of Chatham County.

Plaintiffs' have asserted their right to a jury trial and that right cannot be provided by this Court. A bankruptcy court may only conduct a jury trial if the district court has specifically designated it to exercise this authority. 28 U.S.C. § 157(e). The United States Bankruptcy Court for the Southern District of Georgia has not been granted such designation by the United States District Court.

## ORDER

Based on the previous discussion, IT IS ORDERED that the parties' Consent Motion to Stay as modified herein is GRANTED. I stay this proceeding until the later of the conclusion of the United States Trustee's Adversary Proceeding or the pending, related state court action, Bishop v. Applegate, No. SPCV0902480 (Brannen, J.)(Chatham Cnty.).

IT IS FURTHER ORDERED that I abstain from deciding the liability of Debtor to Plaintiffs, if any, and lift the Stay as necessary for Bishop v. Applegate, No. SPCV0902480 (Brannen, J.)(Chatham Cnty.) to proceed to trial and Final Judgment.

Following the conclusion of the state court action and the conclusion of the

United States Trustee's Adversary Proceeding, and if the matter is not moot as a result of one of those cases, this Court will schedule a hearing to decide the dischargeability of the debt in issue.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia
This 30th day of January, 2012.

AO 72A
(Rev. 8/82)